UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CONNECTSOFT, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEEO, INC., <br><br> Defendant. | CIVIL ACTION <br> NO. _____ <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

ConnectSoft, Inc. ("ConnectSoft" or "Plaintiff"), by and through its attorneys, for its Complaint against NEEO, Inc. ("NEEO" or "Defendant"), and demanding trial by jury, hereby alleges as follows:

**NATURE OF ACTION**

1.  This is a patent infringement action to end Defendant's unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of methods and products infringing the claims of ConnectSoft's U.S. Patent No. 8,504,100 (the "'100 Patent"). A true and correct copy of the '100 Patent is attached hereto as Exhibit 1.

**PARTIES**

2.  Plaintiff ConnectSoft, Inc., is a corporation organized under Kentucky law, with its principal office located at 801 Barret Avenue, Suite 224, Louisville, Kentucky 40204.

3.  On information and belief, Defendant NEEO, Inc., is a corporation organized under Delaware law, with its principal offices located at 20432 Silverado Ave #215 Cupertino, California 95014, and also having an international office located at Ritterquai 8, 4500 Solothurn, Switzerland.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) committing at least a portion of the acts of infringement alleged herein; and (ii) regularly doing or soliciting business in the State of Texas and in this Judicial District, engaging in other persistent courses of conduct in the State of Texas and in this Judicial District, purposely availing itself of the privileges of doing business in the State of Texas and in this Judicial District, and/or deriving substantial revenue from goods and services provided by individuals in the State Texas and in this Judicial District.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (c), and 1400(b).

7. ConnectSoft has had a close connection to Texas in its business operations. For example, ConnnectSoft's former Vice President of Marketing and Business Development resides in Dallas and served ConnectSoft in Texas. ConnectSoft's former Vice President of Sales also resides in Texas and served ConnectSoft in Texas. In addition, one of ConnectSoft's support engineers resided in Austin in order to serve ConnectSoft's major customers in Texas.

## THE PATENT

8. Plaintiff ConnectSoft was a pioneer in advanced wireless connectivity software and services for PCs, netbooks, smartphones, tablets, and other devices, and was awarded numerous U.S. and foreign patents for its groundbreaking and market-leading technology.

9. The ConnectSoft team had a long history as industry-leading developers of wireless connectivity software and services, and ConnectSoft's technology was adopted,

promoted, and used by leading chipmakers, distributors, embedded software companies, and original equipment manufacturers ("OEMs") around the world.

10. Among many other benefits, ConnectSoft's patented technology simplifies the programming and integration of wireless services, such as Wi-Fi and Bluetooth, into applications and devices.

11. ConnectSoft owns all substantial rights and interest to the '100 Patent, entitled "System and Method for Multi-Radio Control," including all rights to recover for past and future infringements thereof. The '100 Patent issued on August 6, 2013, with Christopher M. Songer, Gene M. Chang, Peter E. Groset, and Patrick C. Lankswert as the named inventors. A copy of the '100 patent is attached as Exhibit 1.

12. The '100 Patent discloses a system and method that permits a user of a personal electronic device, such as a smartphone, to control and interact with devices of disparate radio technologies and communication protocols without needing to know or understand the disparate radio technologies and communication protocols. By integrating the functionality from a plurality of radios of disparate technologies (*e.g.*, Wi-Fi, Bluetooth, GSM/CDMA cellular, Ultra-wide band, etc.), the invention streamlines the processes of searching for, selecting and connecting to wireless devices compatible with the plurality of radios of disparate technologies.

## DEFENDANT'S INFRINGING ACTS

13. ConnectSoft repeats and re-alleges, as if fully set forth herein, the allegations contained in all the preceding paragraphs.

14. On information and belief, Defendant manufactures, provides, sells, offers to sell, and/or distributes infringing systems and methods, including, without limitation, the NEEO Brain, NEEO Remote, and related NEEO smart home automation system.

15. On information and belief, throughout its marketing materials, Defendant emphasizes its interoperability with disparate radio technologies. For example, through its Kickstarter campaign, NEEO emphasized that the NEEO brain includes "4 antennas for

3

bluetooth 4.0, Bluetooth BLE (low energy), Wi-Fi, 6LowPAN, Zigbee, Thread and Z-Wave protocols." Similarly, on its website, NEEO states that its smart home automation system allows users to search for an "[c]onnect Wifi, Bluetooth, and Z-Wave and much more devices and let them interact with each other." *See, e.g.,* https://neeo.com/brain/.

16. NEEO describes the set-up process as follows:

> 1. Select "devices" in the settings and "add a device"
> 2. Begin typing the name of your device and NEEO will automatically find it for you
> 3. Select your device and assign it to a room.

https://www.kickstarter.com/projects/1227115988/neeo-the-thinking-remote/description.
Once connected, the user may control the devices through either the NEEO remote or the NEEO App. *Id.*

17. Defendant had knowledge of the '100 Patent at least since March 16, 2015, when ConnectSoft provided Mr. Raphael Oberholzer, NEEO's co-founder and CEO, with a copy of the '100 Patent via e-mail and U.S. Mail.

18. On information and belief, NEEO is willfully infringing and will continue to willfully infringe one or more claims of the '100 Patent despite having knowledge of the '100 Patent and that the sale and use of its products infringes one or more claims of the '100 Patent.

19. On information and belief, Defendant has infringed and is continuing to infringe the '100 Patent throughout the United States, including within this District.  For example, on information and belief, over 5,000 NEEO systems have been offered for sale and/or were sold through Defendant's Kickstarter campaign.  Additionally, on information and belief, the NEEO system has been heavily marketed, reviewed and written about by dozens of news organizations, featured at the 2016 Consumer Electronics Show, and it is currently offered for sale through various preorder specials.

20. ConnectSoft has suffered and will continue to suffer damages as a result of Defendant's infringing acts unless and until enjoined.

## COUNT ONE
### (Infringement of U.S. Patent No. 8,504,100)

21. ConnectSoft repeats and re-alleges, as if fully set forth herein, the allegations contained in all the preceding paragraphs.

22. Defendant has infringed, and is continuing to infringe, either literally or under the doctrine of equivalents, one or more claims of the '100 Patent by manufacturing, providing, selling, offering to sell, and/or distributing without authority, the infringing systems and methods, including without limitation, the NEEO Brain, NEEO Remote, and related NEEO smart home automation system.

23. Defendant has contributed to and/or induced, and is contributing to and/or inducing, the infringement of the claims of the '100 Patent. The direct infringement induced and contributed to by Defendant includes at least the operation of the NEEO Brain, NEEO Remote, and related NEEO smart home automation system by end users. Defendant has known of the '100 patent since at least March 16, 2015, and has since had knowledge of its end users' direct infringement of the '100 patent. Defendant has the specific intent to encourage or direct its end users to infringe the '100 Patent by practicing all of the claim limitations of at least one claim of the '100 Patent. Defendant induces these users to operate the NEEO Brain, NEEO Remote, and related NEEO smart home automation systems, knowing that these acts constitute infringement of the '100 Patent and with specific intent to encourage those acts and encourage infringement.

24. Defendant's aforementioned acts have caused damage to ConnectSoft and will continue to do so unless and until enjoined from further infringement.

25. Defendant's actions in this case warrant enhanced damages under 35 U.S.C. 284, which provides that "the court may increase the damages up to three times the amount found or assessed." Defendant has known about this patent for nearly a year, but has continued marketing and selling the infringing NEEO smart home automation system. Defendant's infringement of the patent is both objectively and subjectively willful.

26.     On information and belief, NEEO also became aware of the '100 Patent independently from the notification it was given in pre-litigation discussions. On information and belief, NEEO is actively pursuing its own patents, and states that as part of this process, it has reviewed almost 200 competitor patents. *See* https://neeo.com/blog/2015/8/19/patent-day.

27.     On information and belief, despite this knowledge of the '100 Patent and its infringement of the same, NEEO has not attempted any design around nor licensed the patent in response to numerous communications between counsel for ConnectSoft and NEEO regarding a licensing opportunity for NEEO. Instead, NEEO has continued to promote its infringing product extensively, building market demand, and frequently citing features in its promotions which infringe the '100 Patent.

28.     On information and belief, through its promotions, NEEO has generated a significant number of sales. For example, on information and belief, in November of 2015, NEEO announced that it planned to manufacture 50,000 NEEO brain and remote combos. https://neeo.com/blog?month=November-2015.

29.     NEEO has infringed and continues to infringe the '100 Patent, including at least claim 1 of the '100 Patent. As a result of this infringement, ConnectSoft has suffered and will continue to suffer irreparable damages as a result of NEEO's infringing acts, unless and until NEEO is enjoined.

30.     On information and belief, NEEO's infringement has been with full knowledge of the '100 Patent, at least as of March 16, 2015, and is, has been, and continues to be willful and deliberate. Despite knowing of the '100 Patent, NEEO has continued to directly and indirectly infringe one or more claims of the '100 Patent, entitling ConnectSoft to increased damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285, because this is an exceptional case.

31. The infringing acts of NEEO have been the actual and proximate cause of damage to ConnectSoft. ConnectSoft has sustained substantial damages and will continue to sustain damages as a result of NEEO's infringement of the '100 Patent.

## JURY DEMAND

Plaintiff ConnectSoft hereby demands a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, ConnectSoft respectfully requests that the Court:

A. Enter judgment that Defendant infringes one or more claims of the '100 Patent, directly and/or indirectly, literally and/or under the doctrine of equivalents;

B. Enter an order preliminarily and permanently enjoining Defendant and its officers, agents, and employees, and all those persons acting in concert or participation with it from further acts of infringement of the '100 Patent;

C. Award ConnectSoft past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendant of the '100 Patent in accordance with 35 U.S.C. § 284;

D. Award ConnectSoft treble-damages as also allowed and in accordance with 35 U.S.C. § 284;

E. Declare this case as exceptional pursuant to 35 U.S.C. § 285 and that ConnectSoft be awarded its reasonable attorneys' fees and costs in this action; and

F. Award ConnectSoft such further and additional relief as is deemed appropriate by this Court.

Dated: May 23, 2016                                Respectfully submitted,

                                                                              **CONNECTSOFT, INC.**

                                                                              /s/ *Nicholaus Floyd*

                                                                              Nicholaus Floyd
                                                                              MORGAN, LEWIS & BOCKIUS LLP

1000 Louisiana Street
Suite 4000
Houston, TX 77002
Tel: (713) 890-5175
Fax: (713) 890-5001
nicholaus.floyd@morganlewis.com

Richard de Bodo (pro hac vice to be filed)
Andrew V. Devkar (pro hac vice to be filed)
Ainsley Carreño (pro hac vice to be filed)
MORGAN, LEWIS & BOCKIUS LLP
The Water Garden
Suite 2050 North
1601 Cloverfield Boulevard
Santa Monica, CA 90404-4082
(310) 255-9070
rich.debodo@morganlewis.com
andrew.devkar@morganlewis.com
ainsley.carreno@morganlewis.com

*COUNSEL FOR PLAINTIFF
CONNECTSOFT, INC.*